IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENDALE STEWART,

                                                                                       ORDER

                      Plaintiff,

                                                                                      11-cv-413-bbc

      v.

RICHARD F. RICE
and FOX & FOX S.C.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Glendale Stewart has filed a complaint and a proposed amended complaint against defendants Richard Rice and Fox & Fox S.C. (In his original complaint plaintiff called the second defendant "Fox & Fox Law Office.") Defendants have not yet been served with the complaint, so plaintiff was entitled to amend his complaint once as a matter of right under Fed. R. Civ. P. 15(a)(1). Accordingly, I will disregard plaintiff's original complaint and treat plaintiff's amended complaint as the operative pleading. Flannery v. Recording Industry Ass'n of America, 354 F.3d 632, 638 (7th Cir. 2004) ("[A]n amended complaint supersedes an original complaint and renders the original complaint void.").

      In every case filed in federal court, the first task is to determine whether subject

matter jurisdiction exists, even if none of the parties raise that issue. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit."); DeBartolo v. Healthsouth Corp., 569 F.3d 736, 740 (7th Cir. 2009) ("Subject-matter jurisdiction is not an issue that can be brushed aside or satisfied by agreement between the litigants."). Federal courts have limited jurisdiction, which means that they may hear a case only if Congress has authorized it. Generally, a federal court may exercise jurisdiction over a case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332.

Plaintiff's allegations arise out of his dissatisfaction with legal representation that he received in a past civil case against Capital Newspapers. Although plaintiff does not identify the case, presumably he is referring to proceedings related to Stewart v. Capital Newspapers, Inc., 09-cv-554-slc, in which plaintiff alleged that his former employer discriminated against him because of his race. (Plaintiff represented himself in this court in case no. 09-cv-554-slc, but documents he filed in that case suggest that defendants may have represented him during the administrative proceedings before the lawsuit was filed.)

Malpractice is a claim that arises under *state* law, as do other legal theories that plaintiff identifies in his complaint such as breach of contract and fraud. Tallmadge v. Boyle,

2

2007 WI App 47, ¶ 15, 300 Wis. 2d 510, 522, 730 N.W.2d 173, 179. Although defendants' representation in the prior proceedings may have involved federal claims, that is not enough when defendant is asserting only state law claims in this case. See, e.g., Singh v. Duane Morris LLP, 538 F.3d 334 (5th Cir. 2008) (no federal question in legal malpractice action filed by former client against lawyer who had represented him in previous trademark infringement suit); Custer v. Sweeney, 89 F.3d 1156 (4th Cir.1996) (legal malpractice claim did not arise under federal law even though underlying lawsuit was brought under ERISA); Diaz v. Sheppard, 85 F.3d 1502 (11th Cir. 1996) (district court did not have subject matter jurisdiction over legal malpractice claim of prisoner against attorney who had represented class of prisoners suing prison officials on Eighth Amendment claims). Plaintiff uses words such as "harassment" and "retaliation" in his amended complaint, but he does not include any factual allegations even hinting that defendants may have violated his federal rights. Rather, his allegations consist of perceived failures to give plaintiff adequate representation.

With respect to § 1332, plaintiff does not include any allegations suggesting that the parties are citizens of any state other than Wisconsin, so diversity jurisdiction is not present either. Accordingly, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

3

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

The clerk of court is directed to enter judgment accordingly.

Entered this 14th day of July, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge